UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
MICHAEL O'SULLIVAN,

*Plaintiff,*

VERIFIED
COMPLAINT

-*against*-

Civ. No.:

STEVEN R. KOZITKA, BRITTON TRANSPORT, INC.,
ALTICE USA, INC., d/b/a OPTIMUM and/or
OPTIMUM TV and/or OPTIMUM CABLE,
VERIZON NEW YORK, INC. and
VERIZON COMMUNCIATIONS, INC.,

*Defendants.*

------------------------------------------------------------------------------X

Plaintiff, by his attorney, DANIEL M. BAUSO, ESQ., complaining of

all defendants, does hereby allege and swear:

JURISDICTION

1.  Jurisdiction is based upon 28 U.S.C. Section 1332.

VENUE

2.  Pursuant to 28 U.S.C Section 1391 (a) 1; (b) 2, 3; (d),

Plaintiff selects the United States District Court, Eastern District of New York

(hereinafter referred to as "THE EASTERN DISTRICT") as venue of this action

based upon the location of the events complained of and the residency of corporate

defendant ALTICE USA, INC., d/b/a OPTIMUM and/or OPTIMUM TV and/or

OPTIMUM CABLE (Hereinafter referred to as "ALTICE"), both of which are

located within the geographical boundaries of the EASTERN DISTRICT.


## JURY DEMAND

3.  Plaintiff hereby demands a jury for all issues at the trial of this action.


## THE PARTIES

4.  At all relevant times hereinafter mentioned, Plaintiff, MICHAEL

O'SULLIVAN, is a resident of the State of Florida.

5.  At all relevant times hereinafter mentioned, Defendant, STEVEN R.

KOZITKA (hereinafter "KOZITKA"), is a resident of the State of Minnesota.

6.  That at all relevant times, defendant, BRITTON TRANSPORT, INC.,

(hereinafter "BRITTON") was, and is a foreign corporation, with its principal

offices located in the State of North Dakota, and transacted business within the

State of New York and/or contracted within the State of New York to supply

and/or deliver goods or services in the State of New York.

7.  That at all relevant times, defendant, BRITTON was, and is, a foreign

corporation, duly licensed to conduct business within the State of New York.

8.  That at all relevant times, defendant, BRITTON committed tortious acts within the State of New York, and such acts do not give rise to a cause of action for defamation of character.

9.  That at all relevant times, defendant, BRITTON committed tortious acts without the State of New York, causing injury to Plaintiff within the State of New York, and such acts do not give rise to a cause of action for defamation of character, but such acts arose due to defendant, BRITTON'S, behavior as set forth below:

> (i) Defendant BRITTON regularly did or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the State of New York,

and/or

> (ii) Defendant BRITTON expected or should have reasonably expected the acts to have consequences in the State of New York and derived substantial revenue from Interstate or international commerce.

10.  Defendant BRITTON owns, uses and/or possesses real property situated within the State of New York.

11.  That at all relevant times, defendant, ALTICE was and is a domestic Corporation duly licensed to conduct business within the State of New York, with

principal offices located in the County of Nassau and State of New York and the County of Queens, City and State of New York.

12.   At all relevant times, Defendant, VERIZON NEW YORK, INC. (Hereinafter "VERIZON NY") was and is a domestic corporation duly licensed to conduct business within the State of New York, with a principal office located in the City, County and State of New York.

13.   At all relevant times, Defendant VERIZON COMMUNICATIONS, INC. (Hereinafter "VERIZON COMM.") was, and is a foreign corporation, incorporated under the laws of Delaware, with its principal offices located in the State of New York, and transacted business within the State of New York and/or contracted within the State of New York to supply and/or deliver goods or services in the State of New York.

14.   That at all relevant times, defendant, VERIZON COMM. was, and is, a foreign corporation, duly licensed to conduct business within the State of New York.

15.   That at all relevant times, defendant, VERIZON COMM., committed tortious acts within the State of New York, and such acts do not give rise to a cause of action for defamation of character.

16.   That at all relevant times, defendant, VERIZON COMM. committed tortious acts without the State of New York, causing injury to Plaintiff within the

State of New York, and such acts do not give rise to a cause of action for

defamation of character, but such acts arose due to defendant, VERIZON

COMM.'S, behavior as set forth below:

> (i) Defendant VERIZON COMM. regularly did or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the State of New York,

and/or

> (ii) Defendant VERIZON COMM. expected or should have reasonably expected the acts to have consequences in the State of New York and derived substantial revenue from Interstate or international commerce.

17.  Defendant VERIZON COMM. owns, uses and/or possesses real

property situated within the State of New York.


## RELEVANT FACTS


18.  At all relevant times herein, defendant BRITTON owned a 2017 Volvo

motor vehicle, registered under North Dakota license plate number 11020P

(hereinafter "the subject vehicle").

19.  At all relevant times herein, defendant BRITTON controlled the subject

vehicle.

20. At all relevant times herein, defendant BRITTON managed the subject vehicle.

21. At all relevant times herein, defendant BRITTON maintained the subject vehicle.

22. At all relevant times herein, and upon information and belief, defendant BRITTON used the subject vehicle for commercial purposes including, but not limited to, engaging in interstate travel and/or trucking with the purpose of transporting goods among various states, including New York, within the United States.

23. At all relevant times herein, and upon information and belief, defendant BRITTON employed defendant KOZITKA to operate the subject vehicle for the aforementioned commercial purposes.

24. At all relevant times herein, and upon information and belief, defendant BRITTON contracted with defendant KOZITKA to operate the subject vehicle for the aforementioned commercial purposes.

25. At all relevant times herein, defendant KOZITKA operated the subject vehicle within the State of New York.

26. At all relevant times herein, defendant BRITTON caused and/or directed defendant KOZITKA to operate the subject vehicle within the State of New York.

27.  At all relevant times herein, defendant KOZITKA operated the subject vehicle within the State of New York with the express permission and consent of defendant BRITTON.

28.  At all relevant times, West End Avenue (hereinafter "the subject roadway"), was, and is, a public highway in the Village of New Hyde Park, Town of North Hempstead, County of Nassau, State of New York,  which said roadway was, and is, constructed for motor vehicle use.

29.  At all relevant times, Leonard Street was, and is, a public highway in the Village of New Hyde Park, Town of North Hempstead, County of Nassau, State of New York, which said public highway was, and is, constructed for motor vehicle use and intersected with the subject roadway.

30.  At all relevant times, Gould Street was, and is, a public highway in the Village of New Hyde Park, Town of North Hempstead, County of Nassau, State of New York, which said public highway was, and is, constructed for motor vehicle use and intersected with the subject roadway.

31.  At all relevant times, there existed utility and/or telephone and/or cable poles, lines and/or wires (hereinafter "subject poles, lines and/or wires"), installed on, along, abutting, adjacent and/or over both sides of that portion of the subject roadway between the subject roadway's intersections with Leonard Street and Gould Street, as aforesaid.

32.  That on June 30, 2017, defendants KOZITKA and BRITTON operated the subject vehicle within the Village of New Hyde Park, Town of North Hempstead, County of Nassau and State of New York.

33.  That on June 30, 2017, defendants KOZITKA and BRITTON operated the subject vehicle along and on the subject roadway on that portion of the subject roadway between the subject roadway's intersections with Leonard Street and Gould Street, as aforesaid.

34.  That on June 30, 2017, defendants KOZITKA and BRITTON, while operating the subject vehicle on that portion of the subject roadway between the subject roadway's intersections with Leonard Street and Gould Street, did cause the subject vehicle to strike, collide with and/or damage, dismantle and/or dislodge the subject poles, lines and/or wires, as well as trees located thereon.

35.  That on June 30, 2017 and continuing into July 1, 2017, due to defendants KOZITKA and BRITTON'S actions as aforesaid, the subject poles, lines and /or wires were damaged, dismantled, dislodged and otherwise left hanging and loose against the also impacted trees, tree wells, streets, curbs and sidewalks located on both sides, along, abutting, and/or adjacent to the subject roadway.

36.  That on June 30, 2017, defendants KOZITKA and BRITTON were stopped and cited by the Nassau County Police Department for their actions in

causing the damage to the subject poles, lines and/or wires and trees on the subject roadway, as aforesaid.

37.  That at all relevant times, the damage which defendants KOZITKA and BRITTON caused to the subject poles, lines and/or wires and trees on the subject roadway, as aforesaid, constituted a dangerous, defective and hidden condition to be present on the subject roadway and/or on and near the also impacted trees, tree wells, streets, curbs and sidewalks located on both sides, along, abutting, and/or adjacent to the subject roadway.

38.  That at all relevant times, defendant, ALTICE, owned the subject poles, lines and/or wires.

39.  That at all relevant times, defendant, ALTICE, operated the subject poles, lines and/or wires.

40.  That at all relevant times, defendant, ALTICE, controlled the subject poles, lines and/or wires.

41.  That at all relevant times, defendant, ALTICE, managed the subject poles, lines and/or wires.

42.  That at all relevant times, defendant, ALTICE, maintained the subject poles, lines and/or wires.

43.  That at all relevant times, defendant ALTICE had actual notice of the aforesaid dangerous and defective condition in the form of the damaged,

dismantled, dislodged, hanging and/or loose poles, lines and/or wires caused by defendants KOZITKA and BRITTON.

44.  That at all relevant times, defendant ALTICE had constructive notice of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and/or loose poles, lines and/or wires caused by defendants KOZITKA and BRITTON.

45.  That at all relevant times, defendant ALTICE failed to repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and/or loose poles, lines and/or wires.

46.  That at all relevant times, defendant ALTICE attempted to repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

47.  That at all relevant times, defendant ALTICE failed to properly repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

48.  That at all relevant times, defendant ALTICE failed to warn and/or properly warn individuals such as plaintiff of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

49. That at all relevant times, defendant, VERIZON NY, owned the subject poles, lines and/or wires.

50. That at all relevant times, defendant, VERIZON NY, operated the subject poles, lines and/or wires.

51. That at all relevant times, defendant, VERIZON NY, controlled the subject poles, lines and/or wires.

52. That at all relevant times, defendant, VERIZON NY, managed the subject poles, lines and/or wires.

53. That at all relevant times, defendant, VERIZON NY, maintained the subject poles, lines and/or wires.

54. That at all relevant times, defendant VERIZON NY had actual notice of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires caused by defendants KOZITKA and BRITTON.

55. That at all relevant times, defendant VERIZON NY had constructive notice of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires caused by defendants KOZITKA and BRITTON.

56. That at all relevant times, defendant VERIZON NY failed to repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

57. That at all relevant times, defendant VERIZON NY attempted to repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

58. That at all relevant times, defendant VERIZON NY failed to properly repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

59. That at all relevant times, defendant VERIZON NY failed to warn and/or properly warn individuals such as plaintiff of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

60. That at all relevant times, defendant, VERIZON COMM., owned the subject poles, lines and/or wires.

61. That at all relevant times, defendant, VERIZON COMM., operated the subject poles, lines and/or wires.

62. That at all relevant times, defendant, VERIZON COMM., controlled the subject poles, lines and/or wires.

63. That at all relevant times, defendant, VERIZON COMM., managed the subject poles, lines and/or wires.

64. That at all relevant times, defendant, VERIZON COMM., maintained the subject poles, lines and/or wires.

65. That at all relevant times, defendant VERIZON COMM., had actual notice of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires. caused by defendants KOZITKA and BRITTON.

66. That at all relevant times, defendant VERIZON COMM., had constructive notice of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires caused by defendants KOZITKA and BRITTON.

67. That at all relevant times, defendant VERIZON COMM., failed to repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

68. That at all relevant times, defendant VERIZON COMM., attempted to repair and remove the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

69. That at all relevant times, defendant VERIZON COMM., failed to properly repair and remove the aforesaid dangerous and defective condition in the

form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

70.  That at all relevant times, defendant VERIZON COMM., failed to warn and/or properly warn individuals such as plaintiff of the aforesaid dangerous and defective condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

71.  That on or about July 1, 2017, plaintiff, while attempting to walk from the subject roadway onto a street, curb, sidewalk and/or tree well located on, along, abutting and/or adjacent to the subject roadway, did violently trip and fall over the aforesaid dangerous and defective condition in the form of the dislodged, dismantled. hanging, loose and hidden subject poles, lines and/or wires present threat; all due to all defendants' actions and omissions as aforesaid.

72.  That as a result of the plaintiff's trip and fall as aforesaid, plaintiff sustained severe and serious permanent physical and emotional injuries, including, but not limited to injuries to plaintiff's shoulders, knees, hands, mouth, teeth, head, neck, arms, legs and back; all of which required, and require, medical and/or surgical care.

## PLAINTIFF'S FIRST CAUSE OF ACTION/CLAIM

### Defendant KOZITKA

73.  Plaintiff repeats and reiterates each every allegation and representation as contained in paragraphs "1" through "72", as though same were plead herein with the same legal force and effect.

74.  At all relevant times, and pursuant to New York common, statutory and administrative law, defendant KOZITKA, owed plaintiff a duty of due care in the operation, control, maintenance and management of the subject vehicle.

75.  At all relevant times, and by his actions and omissions as aforesaid, defendant KOZITKA breached his duty of due care.

76.  At all relevant times, and by his actions and omissions as aforesaid, defendant KOZITKA caused and created the defective, dangerous and hidden condition in the form of the dismantled, dislodged, hanging and loose poles, lines and/or wires.

77.  At all relevant times, and by his actions and omissions as aforesaid, defendant KOZITKA failed to take any steps to remedy and/or remove the defective, dangerous and hidden condition in the form of the dismantled, dislodged, hanging and loose poles, lines and/or wires.

78. At all relevant times, and by his actions and omissions as aforesaid, defendant KOZITKA, proximately caused plaintiff to trip and fall over the defective, dangerous and hidden condition in the form of the dismantled, dislodged, hanging and loose poles, lines and/or wires and sustain severe and serious permanent injuries; all without any culpability owing to the part of plaintiff.

79. That the facts, as aforesaid and plead herein, entitle plaintiff to invoke and rely upon the doctrines and exceptions of joint and several liability and *Res Ipsa Loquitur* under New York law in this action, which are specifically preserved.

80. That as a result of defendant's KOZITKA'S negligence, as set forth herein, the plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## PLAINTIFF'S SECOND CAUSE OF ACTION/CLAIM

### Defendant BRITTON

81. Plaintiff repeats and reiterates each every allegation and representation as contained in paragraphs "1" through "80", as though same were plead herein with the same legal force and effect.

82. At all relevant times, and pursuant to New York common, statutory and administrative law, defendant BRITTON owed plaintiff a duty of due care in the ownership, operation, control, maintenance and management of the subject vehicle.

83. At all relevant times, defendant BRITTON was, and is charged, bound and otherwise responsible for the acts and omissions of its employee and agent and/or contractor, KOZITKA.

84. At all relevant times, and by all actions and omissions as aforesaid, defendant BRITTON breached its duty of due care.

85. At all relevant times, and by all actions and omissions as aforesaid, defendant BRITTON, through its employee and agent and/or contractor KOZITKA, caused and created the defective, dangerous and hidden condition in the form of the dismantled, dislodged, hanging and loose poles, lines and/or wires.

86. At all relevant times, and by all actions and omissions as aforesaid, defendant BRITTON, through its employee and agent and/or contractor KOZITKA, failed to take any steps to remedy and/or remove the defective, dangerous and hidden condition in the form of the dismantled, dislodged, hanging and loose poles, lines and/or wires.

87. At all relevant times, and by their actions and omissions as aforesaid, defendant BRITTON, through its employee and agent and/or contractor KOZITKA, proximately caused plaintiff to trip and fall over the defective,

dangerous and hidden condition in the form of the dismantled, dislodged, hanging and loose poles, lines and/or wires and sustain severe and serious permanent injuries; all without any culpability owing to the part of plaintiff.

88.   That the facts, as aforesaid and plead herein, entitle plaintiff to invoke and rely upon the doctrines  and exceptions of joint and several liability and *Res Ipsa Loquitur* under New York law in this action, which are specifically preserved.

89.   That as a result of defendant BRITTON'S negligence as set forth herein, the plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.


## PLAINTIFF'S THIRD CAUSE OF ACTION/CLAIM

### Defendant ALTICE

90.   Plaintiff repeats and reiterates each every allegation and representation as contained in paragraphs "1" through "89", as though same were plead herein with the same legal force and effect.

91.   At all relevant times, and pursuant to New York common, statutory and administrative law, defendant ALTICE owed plaintiff a duty of due care in the ownership, operation, control, maintenance and management of the subject poles, lines and/or wires.

92. At all relevant times, and by its actions and omissions as aforesaid, defendants ALTICE breached its duty of due care.

93. At all relevant times, and by its actions and omissions as aforesaid, defendant ALTICE had knowledge, both actual and constructive, of the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

94. At all relevant times, and by its actions and omissions as aforesaid, defendant ALTICE failed to take any steps to remedy and/or remove the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

95. At all relevant times, and by its actions and omissions as aforesaid, defendant ALTICE failed to take proper steps to fully remedy and/or remove the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

96. At all relevant times, and by its actions and omissions as aforesaid, defendant ALTICE proximately caused plaintiff to trip and fall over the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires and sustain severe and serious permanent injuries; all without any culpability owing to the part of plaintiff.

97.  That the facts, as aforesaid and plead herein, entitle plaintiff to invoke and rely upon the doctrines and exceptions of joint and several liability and *Res Ipsa Loquitur* under New York law in this action, which are specifically preserved.

98.  That as a result of defendant ALTICE'S negligence as set forth herein, the plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## PLAINTIFF'S FOURTH CAUSE OF ACTION/CLAIM

### Defendant VERIZON NY

99.  Plaintiff repeats and reiterates each every allegation and representation as contained in paragraphs "1" through "98", as though same were plead herein with the same legal force and effect.

100.  At all relevant times, and pursuant to New York common, statutory and administrative law, defendant VERIZON NY owed plaintiff a duty of due care in the ownership, operation, control, maintenance and management of the subject poles, lines and/or wires.

101.  At all relevant times, and by its actions and omissions as aforesaid, defendants VERIZON NY breached its duty of due care.

102  At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON NY had knowledge, both actual and constructive, of the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

103.  At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON NY failed to take any steps to remedy and/or remove the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

104.  At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON NY failed to take proper steps to fully remedy and/or remove the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

105.  At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON NY proximately caused plaintiff to trip and fall over the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires and sustain severe and serious permanent injuries; all without any culpability owing to the part of plaintiff.

106.  That the facts, as aforesaid and plead herein, entitle plaintiff to invoke and rely upon the doctrines  and exceptions of joint and several liability and *Res Ipsa Loquitur* under New York law in this action, which are specifically preserved.

107.  That as a result of defendant VERIZON NY'S negligence as set forth herein, the plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.


### PLAINTIFF'S FIFTH CAUSE OF ACTION/CLAIM

### Defendant VERIZON COMM.


108.  Plaintiff repeats and reiterates each and every allegation and representation as contained in paragraphs "1" through "107", as though same were plead herein with the same legal force and effect.

109.  At all relevant times, and pursuant to New York common, statutory and administrative law, defendant VERIZON COMM. owed plaintiff a duty of due care in the ownership, operation, control, maintenance and management of the subject poles, lines and/or wires.

110.  At all relevant times, and by its actions and omissions as aforesaid, defendants VERIZON COMM. breached its duty of due care.

111.   At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON COMM. had knowledge, both actual and constructive, of the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

112.   At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON COMM. failed to take any steps to remedy and/or remove the defective, dangerous and hidden condition in the form of the damaged, dismantled, dislodged, hanging and loose poles, lines and/or wires.

113.   At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON COMM. failed to take proper steps to fully remedy and/or remove the defective, dangerous and hidden condition in the form of the damaged dismantled, dislodged, hanging and loose poles, lines and/or wires.

114.   At all relevant times, and by its actions and omissions as aforesaid, defendant VERIZON COMM. proximately caused plaintiff to trip and fall over the defective, dangerous and hidden condition in the form of the dismantled, damaged, dislodged, hanging and loose poles, lines and/or wires and sustain severe and serious permanent injuries; all without any culpability owing to the part of plaintiff.

115.  That the facts, as aforesaid and plead herein, entitle plaintiff to invoke

and rely upon the doctrines  and exceptions of joint and several liability and *Res*

*Ipsa Loquitur* under New York law in this action, which are specifically preserved.

116.  That as a result of defendant VERIZON COMM.'S negligence as set

forth herein, the plaintiff has been damaged in the amount of Five Million

($5,000,000.00) Dollars.


WHEREFORE, Plaintiff MICHAEL O'SULLIVAN, demands final

judgment, jointly and severally, against the defendants, KOZITKA, BRITTON ,

ALTICE, VERIZON NY and VERIZON COMM. herein, as follows:

> *1)*  On the first cause of action in the amount of FIVE MILLION
(5,000,000.00) DOLLARS;

> *2)* On the second cause of action in the amount of FIVE MILLION
(5,000,000.00) DOLLARS;

> *3)*  On the third cause of action in the amount of FIVE MILLION
(5,000,000.00) DOLLARS;

> *4)* On the fourth cause of action in the amount of FIVE MILLION
(5,000,000.00) DOLLARS;

> *5)* On the fifth cause of action in the amount of FIVE MILLION
(5,000,000.00) DOLLARS

*6)* Costs and disbursements of this action; and

*7)* For such other relief as to the Honorable Court may seem just and

proper.

DATED:  JAMAICA, NEW YORK
        April 16, 2020

DANIEL M. BAUSO, ESQ. (9566)
*Attorney for Plaintiff*
155-03 Jamaica Avenue, STE 1
Jamaica, New York 11432
Telephone: (718) 526-2829
Fax (718) 850-2825
Email: Bausolaw@gmail.com

# VERIFICATION

**State of New York }**

**SS.:**

**County of Nassau }**

MICHAEL O'SULLIVAN, being duly sworn, deposes and says:

That I am the PLAINTIFF in the within action.

That I have read the foregoing Complaint, and know the contents thereof.

By this verification, I hereby verify, certify and otherwise ascribe to the within Complaint, which is annexed hereto. I know the same is true of my own knowledge, except as to those made upon information and belief, which I believe are true.

X _____
MICHAEL O'SULLIVAN

On _16th, April, 2020_, before me came _Michael O'Sullivan_ known to me as _Michael O'Sullivan_, by my own personal knowledge and/or providing sufficient proof of identity to establish same, and executed the within instrument in my presence.

Sworn to before me this
_16th_ day of _April, 2020_,

_____
NOTARY PUBLIC

**JORGE PAGAN**
Notary Public, State of New York
No. 01PA6405160
Qualified in Kings County
Commission Expires March 02, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

MICHAEL O'SULLIVAN,

                              *Plaintiff,*

                                                              VERIFIED
                                                              COMPLAINT

          *-against-*

                                                              Civ. No.:


STEVEN R. KOZITKA, BRITTON TRANSPORT, INC.,
ALTICE USA, INC., d/b/a OPTIMUM and/or
OPTIMUM TV and/or OPTIMUM CABLE,
VERIZON NEW YORK, INC. and
VERIZON COMMUNCIATIONS, INC.,

                              *Defendants.*

-----------------------------------------------------------------------------X



                                        *Respectfully submitted,*


                                        **DANIEL M. BAUSO, ESQ. (9566)**
                                        *Attorney for Plaintiff*
                                        **155-03 Jamaica Avenue, STE 1**
                                        **Jamaica, New York 11432**
                                        **Telephone: (718) 526-2829**
                                        **Fax (718) 850-2825**
                                        **Email: Bausolaw@gmail.com**